## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHERYL JOHNSON-WILLIAMS, a/k/a** | § | |
| **CHERYL ANGRUM,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:17-CV-2072-L-BH** |
| | § | |
| **CITIMORTGAGE, INC.,** | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By standing order of reference dated September 15, 2017 (doc. 10), this case was referred for pretrial management. Before the Court are the defendant's *Motion to Dismiss*, filed August 4, 2017 (doc. 3) and the plaintiff's *Motion to Remand*, filed August 15, 2017 (doc. 6). Based on the relevant filings and applicable law, the motion to remand should be **DENIED**, and the motion to dismiss should be **GRANTED**.

### I. BACKGROUND

This case involves the foreclosure of the property located at 1908 Courtside Drive, Grand Prairie, Texas 75051 (the Property). (*See* doc. 1-2 at 2.)[1] On July 6, 2017, Cheryl Johnson-Williams a/k/a Cheryl Angrum (Plaintiff), who claims to be the "superior fee simple title holder" of the Property, filed this *pro se* suit against CitiMortgage, Inc. (Defendant) in the 116th District Court of Dallas County, Texas. (*Id*. at 4-15.) On August 4, 2017, Defendant removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 2.)

On September 20, 2006, Plaintiff executed a note (Note) and deed of trust (Deed of Trust) in favor of Everett Financial, Inc., d/b/a Supreme Lending (Everett), encumbering the Property for

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

the original principal amount of $169,078.00. (doc. 1-2 at 22-23, 25-32.) She was concurrently issued a general warranty deed with vendor's lien (Deed) that was filed in the official public records of Dallas County on September 28, 2006. (*Id*. at 19-20.) Under the terms of the Note and Deed of Trust, if she failed to timely pay the full amount of each required monthly payment, Plaintiff would be in default and subject to acceleration of the loan and foreclosure proceedings. (*Id*. at 22-23, 25-32.) The Deed of Trust designated Mortgage Electronic Registration Systems, Inc. (MERS) as "the beneficiary" and the nominee for "Lender" and its successors and assigns. (*Id*. at 25.) Under the Deed of Trust, MERS held legal title to the interests granted in it and had the right to exercise any and all of those interests, including the right to foreclose and sell the Property and to release and cancel the Deed of Trust. (*Id.* at 25- 31.)

On January 17, 2012, MERS recorded an assignment of the Deed of Trust to Defendant in the official public records of Dallas County. (*Id*. at 5-6.) After Plaintiff failed to submit the required monthly payments under the loan documents, Defendant noticed the Property for a non-judicial foreclosure sale on August 5, 2014. (*Id*. at 4.) Defendant purchased the Property at the foreclosure sale and was issued a Substitute Trustee's Deed on August 11, 2014. (*Id*.)

A.    **First Lawsuit**

On August 5, 2014, Plaintiff filed a *pro se* petition in state court against Defendant, MERS, Everett, and "Shelley Ortolani, et al, Substitute Trustees,"[2] which she amended to assert claims for fraud, slander of title, fraudulent lien, declaratory relief, and injunctive relief on November 5, 2014. *See Johnson-Williams v. CitiMortgage, Inc., et al.*, No. 3:14-CV-3927-M (N.D. Tex.) (First Lawsuit) (doc. 1-1 at 6-7, 11). The state court issued a temporary restraining order to restrain Defendant from

---

[2] Shelly Ortolani is identified as the substitute trustee who issued the notice of the trustee's sale. (*See* First Lawsuit, doc. 1-1 at 6-7.)

selling the Property, but the foreclosure sale had already occurred.  (*Id.*, doc. 1-3; doc. 1-11 at 25-26.) The lawsuit was subsequently removed to the United States District Court for the Northern District of Texas.  (*Id.,* doc. 1.)

Plaintiff's amended petition argued that the foreclosure sale on the Property should be enjoined, and that Defendant's claim to the Property was "unlawful" because MERS's assignment of the Deed of Trust was invalid, and also because the Deed of Trust had been severed from the Note.  (*Id.*, doc. 1-11 at 7, 9-10.) She argued that "no defendant may legally pursue foreclosure pursuant to the Deed of Trust" or the Note, and she sought a declaration that Defendant and "all persons claiming under [the Note or Deed of Trust] have no estate, right, title, lien, or interest in or to the Property." (*Id.*, doc. 1-11 at 10-11.)

On January 15, 2015, Defendant and MERS filed a motion to dismiss all of Plaintiff's claims in the First Lawsuit for failure to state a claim.  (*Id.,* doc. 7.) On July 16, 2015, dismissal of Plaintiff's claims with prejudice was recommended because all of her claims failed as a matter of law, since they were based on the invalid "show-me-the-note" and "split-the-note" theories, or on the alleged invalidity of the assignment of the deed of trust, which she lacked standing to challenge. (*Id.,* doc. 19 at 6-13); *see also Johnson-Williams v. CitiMortgage, Inc., et al.*, No. 3:14-CV-3927-M, 2015 WL 4997811, at \*5-11 (N.D. Tex. Aug. 19, 2015).  The recommendation also found that her claims were factually unsupported because "[Defendant] had all of the rights that Plaintiff granted the lender under the deed of trust, including the power of sale on default."  (*Id.* at 8); *see also* 2015 WL 4997811, at \*5.

On August 7, 2015, Plaintiff moved for leave to amend under Fed. R. Civ. P. 15(a)(2) based on newly discovered evidence. (*Id.*, docs. 20, 21.) The proposed amended complaint added Everett

and Government National Mortgage Association as Trustee for the Ginnie Mae Remic Trust 2006–059, and it asserted claims for fraud, negligent misrepresentation, breach of contract, quiet title, creation of a fraudulent lien under Tex. Civ. Prac. & Rem. Code § 12.002, violation of UCC 3–501(b)(2), "violation of 15 U.S.C.A. 1641(G)(1)(D)," violation of the Real Estate Settlement Procedures Act (RESPA), and sought a declaration that the defendants violated Section 192.007(a) of the Texas Local Government Code. (*Id.*, doc. 20-1 at 1-15.) Her motion for leave to amend was denied as futile on August 13, 2015, because her proposed amended complaint made new claims based on allegations that failed to state a claim. (*Id.*, doc. 22.)  Plaintiff's claims were dismissed on August 19, 2015.  (*Id.*, docs. 23, 24.)

On August 24, 2015, Plaintiff moved for reconsideration of the denial of her motion for leave to amend. (*Id.*, doc. 25.) On March 3, 2016, this motion was denied because there was "simply no indication that the [newly discovered evidence] was not previously available to her" and that "even if considered, Plaintiff's proposed amended complaint would not have produced a different result." (*Id.*, doc. 27 at 4; doc. 28); *see also Johnson-Williams*, 2016 WL 853079, at *1 (N.D. Tex. Feb. 11, 2016).  Plaintiff appealed this decision to the Fifth Circuit Court of Appeals, which affirmed the decision on January 4, 2017.  (*Id.*, doc. 34); *see also Johnson-Williams v. Mortg. Elec. Registration Sys., Inc., et al.*, 675 F. App'x 396, 397 (5th Cir. 2017).

**B.    <u>Second Lawsuit</u>**

On June 6, 2016, Defendant filed a petition for forcible detainer[3] in the Justice of the Peace Courts of Dallas County, where it was awarded possession of the Property (Second Lawsuit). *See*

---

[3] A forcible detainer suit is brought pursuant to Tex. Prop. Code. § 24.002, and is "essentially an eviction proceeding." *Wells Fargo Bank, N.A. v. Anderson*, No. 3:11-CV-024-K, 2011 WL 1135121, at *1 (N.D. Tex. Mar. 28, 2011)

*Johnson v. CitiMortgage, Inc.*, No. 05-16-931-CV, 2017 WL 2871453, at *1 (Tex. App.–Dallas July 5, 2017, no pet.). Plaintiff appealed to the County Courts at Law of Dallas County, and Defendant was again awarded possession of the Property after a *de novo* trial on August 4, 2016.[4] *Id.* She subsequently appealed that decision to the Texas Court of Appeals in Dallas, which affirmed the decision on July 5, 2017, holding that Defendant "had a superior right to possession of the [P]roperty" and the existence of her appeal of the First Lawsuit to the Fifth Circuit "d[id] not deprive the county court at law of jurisdiction." *Id.* at *1-2. The appellate court further rejected Plaintiff's challenges to Defendant's standing and found that the evidence was sufficient to support the judgment. *Id.*

## C.   **Current Lawsuit**

Immediately after the appellate court issued its decision, Plaintiff filed this *pro se* action, which she characterizes as a suit to "stop the current unlawful eviction," to "set aside the unlawful declaration of acceleration" of the Note, to "set aside the subsequent unlawful notice of trustee's sale," and to "set aside the void Substitute Trustee's Deed that resulted from the illegal foreclosure sale." (doc. 1-2 at 4.) She contends that the "current eviction is unlawful and invalid due to [Defendant's] breach of the Deed of Trust contract . . . which [it] purported to rely upon in [its] unlawful foreclosure." (*Id*. at 5.)

She expressly brings a suit for quiet title and alleges claims for breach and anticipatory breach of the Note and Deed of Trust. (*Id*. at 7-12.) She alleges that Defendant breached the Note and Deed of Trust while servicing the mortgage when it failed to comply with regulations from the

---

[4] Under the Texas Rules of Civil Procedure, either party may appeal a final judgment in a forcible entry and detainer case to the county court at law. *See Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416-17 (Tex. App.–Houston [1st Dist.] 2010, pet. dism'd w.o.j.) (forcible detainer suits may be appealed for *de novo* review in the county court).

Department of Housing and Urban Development (HUD) that were integrated into the loan documents.[5] (*Id.* at 5-9.) She appears to argue that Defendant violated the HUD regulations and breached the loan documents by foreclosing on the Property without: (1) conducting, or making a reasonable effort to arrange, a face-to-face meeting with him as required by 24 C.F.R. §§ 203.604, 606; or (2) conducting a loss mitigation evaluation before four full monthly installments on the mortgage have become unpaid as required under 24 C.F.R. §§ 203.605, 501. (*Id.* at 5-6.) She also argues that Defendant breached the Note and Deed of Trust because it "could never have sent to Plaintiff the required notice of default and intent to accelerate" as required under Tex. Prop. Code § 51.002(d)[6] because Defendant failed to comply with the HUD regulations. (*Id.* at 9.) She claims that Defendant breached the "implied" duty of good faith and fair dealing in the Note and Deed of Trust, which resulted in a waiver of Defendant's "right to sell the Property under the Deed of Trust." (*Id.* at 9-11.)

As relief, she asks for "specific performance" of the Deed of Trust, an "accounting of all transactions" on the mortgage,[7] and a declaratory judgment that "Defendant breached the Deed of

---

[5] Plaintiff alleges that paragraph 9(d) of the Deed of Trust and section 6(B) of the Note "integrated" and were "limited by HUD regulations." (doc. 1-2 at 6-8.)

[6] Section 51.002 of the Texas Property Code "requires two primary notices in the foreclosure context: a notice of default, and a notice of sale." *Lindsey v. JPMorgan Chase Bank Nat. Ass'n*, No. 3:12-CV-4535-M-BH, 2013 WL 2896897, at *14 (N.D. Tex. June 13, 2013). Specifically, § 51.002(d) requires the lender to provide to the debtor notice of default and intent to accelerate, and to give the debtor an opportunity to cure the default within a minimum of 20 days. Tex. Prop. Code § 51.002(d). If the lender invokes the power of sale under the deed of trust, it must provide to the debtor notice of the time and place of the foreclosure sale at least 21 days prior to the date of the sale by posting notice in the county where the property is located, filing the notice with the office of the county clerk, and "serving written notice of the sale by certified mail on each debtor." *Id.* § 51.002(b).

[7] In Plaintiff's "Prayer for Relief" section of her petition, she requests that Defendant be "ordered to render an accounting" of the "amounts paid and owed" pursuant to 12 U.S.C. § 2605(e) of RESPA. (doc. 1-2 at 16.) This section of RESPA details the "duty of [the] loan servicer to respond to borrower inquiries" in a qualified written request. 12 U.S.C. § 2605(e)(1). Neither Plaintiff's petition nor her response to Defendant's motion to dismiss identify any additional facts about her sending a qualified written request to Defendant. (*See* docs. 1-2, 12.)

6

Trust contract, that the lien is invalid, and that Defendant forfeited the principal and interest on the loan." (*Id*. at 13-14.) She also seeks money damages for court costs, the "loss of creditworthiness," mental anguish, "acute psychic trauma," and the "the value of time lost in attempting to resolve this issue." (*Id*. at 14-15.)

On August 4, 2017, Defendant moved to dismiss Plaintiff's claims on the basis of res judicata and, alternatively, for failure to state a claim. (doc. 3.) On August 15, 2017, Plaintiff moved to remand this action back to state court. (doc. 6.) With timely-filed responses and replies, both motions are ripe for recommendation. (docs. 8, 12, 13.)

## II. MOTION TO REMAND[8]

Plaintiff argues that she is "entitled to remand because this Court lacks jurisdiction, as there is no federal question [or] claim" in this suit, and "[a]ny diversity involved will not prejudice the outcome of this case."[9] (doc. 7 at 1.)

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. *Id.* § 1332(a).

---

[8] Because Plaintiff's motion to remand alleges a lack of subject matter jurisdiction, this issue must be determined before the merits of this suit are considered. *See United States Solomon v. Lockheed Martin Corp.*, No. 3:12-CV-4495-D, 2015 WL 6956578, at *1 (N.D. Tex. Nov. 10, 2015) ("Although defendants also assert merits-based grounds for dismissal, the court can only reach these grounds if it has subject matter jurisdiction.").

[9] Plaintiff has not alleged a procedural defect in the removal. (*See* doc. 7.)

To determine whether it has federal jurisdiction over the removed case, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* "[A]ny doubt about the propriety of removal, must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Because no federal question is presented in this case, removal was proper only if Defendant met its burden of showing that there is diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000.00. *See Carillo v. JP Morgan Chase Bank, N.A.*, No. EP-12-CV-222-KC, 2012 WL 3276971, at *3 (W.D. Tex. Aug. 9, 2012).

## A.    Diversity of Citizenship

An action removable based on diversity jurisdiction may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A case that is removed under § 1332 must have "complete diversity" of citizenship. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. § 1332. This means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). The party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of all the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

Here, it is undisputed that Plaintiff is domiciled in and is a citizen of Texas. (*See* docs. 1 at 2; 1-2 at 2); *see Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (noting that individuals are citizens

of the states in which they are domiciled). It is also undisputed that Defendant is a citizen of New York and Missouri because it is incorporated in New York and maintains its main office in Missouri. (*Id.*); *see* 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business); *see also Contreras v. SFMC, Inc.*, No. 3:14-CV-2340-B, 2015 WL 71001, at *6 (N.D. Tex. Jan. 6, 2015) (finding that CitiMortgage, Inc. is "a citizen of New York and Missouri" because it is "a New York corporation whose principal place of business is located in Missouri").  Defendant has met its burden to show that the parties are diverse for purposes of diversity jurisdiction.

**B.    Amount in Controversy**

The amount-in-controversy threshold is a necessary element that must be met before a federal court can properly exercise diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). In a motion to remand, the amount in controversy is determined from the plaintiff's perspective. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *2 (S.D. Tex. Mar. 23, 2012). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant may satisfy this burden by demonstrating that it is facially apparent from the plaintiff's petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). "Courts [] consider the nature of the claims and the types of damages sought to determine whether it is facially apparent that the amount in controversy meets [the] jurisdictional requirements." *Hannah v. Allstate Texas Lloyd's*, No. EP-11-CV-269-KC, 2011 WL 5325257, at *2 (W.D. Tex. Nov. 2, 2011) (internal quotations

9

omitted).

In actions where the plaintiff seeks injunctive or declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The "object of the litigation" is "the value of the right to be protected or the extent of the injury to be prevented." *McDonald v. Deutsche Bank Nat. Trust Co.*, No. 3:11-CV-2691-B, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) (citing *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)). If the injury sought to be prevented is the loss of title to property, then the property itself becomes the object of the litigation. *Burr*, 2012 WL 1016121, at *3. Accordingly, where the plaintiff puts the title to property in dispute, the value of the property is the proper measure of the amount in controversy. *Id.*; *accord McDonald*, 2011 WL 6396628, at *2 ("When 'a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'") (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

While Plaintiff does not place a dollar amount on the recovery she seeks, her petition makes several allegations that put the title to the Property in dispute. She seeks a declaration that Defendant waived its right to foreclose on the Property, argues that Defendant's claim to title is "unlawful" because the foreclosure sale was "void," and requests that the Court prevent "the current unlawful eviction" caused by Defendant's breach of the Deed of Trust. (doc. 1-2 at 5, 9, 15-16.) With these allegations, Plaintiff calls into question the right to the Property in its entirety and makes it the object of the litigation. The value of the Property is therefore the proper measure of the amount in controversy. *See Merryman v. JPMorgan Chase*, No. 3:12-CV-2156-M, 2012 WL 5409735, at *7 (N.D. Tex. Oct. 12, 2012); *see Brooks v. Wells Fargo Bank, N.A.*, No. 3:15-CV-245-L, 2015 WL

390674, at *3 (N.D. Tex. Jan. 29, 2015).

To support its contention that the Property is worth more than $75,000.00, Defendant asserts that the Property "is currently appraised at $183,100.00" according to the Dallas County Central Appraisal District (DCAD). (doc. 1 at 4.) To prove the Property's value, Defendant attached to its removal notice an appraisal report by the DCAD showing that the current appraised value of the Property is $183,100.00. (doc. 1-6 at 2.) Plaintiff does not object, dispute, or even address Defendant's contentions regarding the Property's value. (*See* doc. 7.) Defendant has met its burden to show that the Property is worth more than $75,000.00.

Because Defendant has shown that there is diversity of citizenship and the amount in controversy exceeds $75,000.00, removal was proper and the Court has subject matter jurisdiction over this suit. Plaintiff's motion to remand should be denied.

### III. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's petition under Rule 12(c) on grounds of res judicata.[10] (doc. 3.)

A.    **Legal Standard**

A motion "'brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to

---

[10] Defendant also moves to dismiss Plaintiff's claims on grounds that they fail as a matter of law for lack of any factual allegations supporting any cause of action. (*See* doc. 3 at 11-17.) Because Plaintiff's claims are otherwise subject to dismissal based on the doctrine of res judicata, it is unnecessary to reach these arguments.

dismiss under Rule 12(b)(6). *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *see also Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2011 WL 3567419, at *4 (N.D. Tex. Aug.15, 2011) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)).

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where

a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) or 12(c) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196; *see Mahlin v. GMAC Mortg. LLC*, No. 3:13-CV-906-M, 2013 WL 6153289, at *2 (N.D. Tex. Nov. 22, 2013) (applying same standard under a Rule 12(c) motion to dismiss for res judicata) (citing *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)). When a party presents "matters outside the pleadings," the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is "clearly proper" for a court "to take judicial notice of matters of public record"

13

when deciding a motion to dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Plaintiff attached to her petition copies of the Deed, the Note, and the executed Deed of Trust securing her loan. (doc. 1-2 at 17-39.) These documents are therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. Defendant similarly attached to its motion to dismiss copies of the Assignment of the Deed of Trust, the Notice of the Trustee's Sale, and the Substitute Trustee's Deed. (doc. 4-1 at 1-11.) Because these documents are referenced in Plaintiff's petition and are central to her general theory of the case; they are therefore considered part of the pleadings. *See Collins*, 224 F.3d at 498. The judgments in the First and Second Lawsuit can additionally be judicially noticed because they are matters of public record and their contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; *see Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (noting that the district court could take judicial notice of a judgment entered in a different case for the limited purpose of taking as true the action of the court in entering the judgment); *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed"). As such, conversion of this motion to dismiss into a summary judgment motion is unnecessary.

## B.   Res Judicata

Defendant contends that all of Plaintiff's claims are barred by res judicata because these claims invoke the same nucleus of operative facts from the First and Second Lawsuits. (doc. 3 at 8-

11.)

Res judicata is generally an affirmative defense that should not be raised as part of a motion to dismiss, "but should instead be addressed at summary judgment or at trial." *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977)) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."). Nevertheless, "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"). "True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 466-67. As with all affirmative defenses, the burden of proving claim preclusion "rests on the party claiming the benefit of the doctrine." *Patterson v. Dean Morris, L.L.P.*, No. 08-5014, 2011 WL 1791235, at *6 (E.D. La. May 6, 2011) (citation omitted); *accord*

15

*Taylor*, 553 U.S. at 907.

### 1.    *Identical Parties or Privity with Identical Parties*

It is undisputed that both Plaintiff and Defendant were parties to the First Lawsuit, the Second Lawsuit, and the current suit. (docs. 3 at 8-9; 12 at 4.) This element is satisfied.

### 2.    *Court with Competent Jurisdiction*

With respect to the second element, the First Lawsuit was removed to and dismissed by the United States District Court for the Northern District of Texas, and later affirmed by the Fifth Circuit Court of Appeals. *See Johnson-Williams*, 675 F. App'x at 397; *see Johnson-Williams*, 2015 WL 4997811, at *11. The Second Lawsuit was determined by a justice of the peace court, heard on a *de novo* appeal by a county court at law, and later affirmed by the Texas Court of Appeals in Dallas, Texas. *See Johnson*, 2017 WL 2871453, at *1. Neither side disputes that these courts had competent jurisdiction to determine the actions. Because the courts had jurisdiction over the prior cases, this element is satisfied.

### 3.    *Prior Final Judgment*

A prior final judgment on the merits was issued in the First Lawsuit when the federal district court granted the motion to dismiss under Rule 12(b)(6) and dismissed all claims with prejudice, and a prior final judgment was issued in the Second Lawsuit when the state court granted possession of the Property to Defendant in the forcible detainer action, finding that Defendant "had a superior right to possession of the [P]roperty." *Johnson*, 2017 WL 2871453, at *1-2; *see Stevens v. Bank of America, N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) ("Generally a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes . . . [i]t is well established that Rule 12(b)(6) dismissals are made on the merits."). Neither party disputes that the prior actions were

concluded by a final judgment on the merits. (docs. 3, 12.) The third element is also met here.

### 4.    *Same Claims*

Defendant contends that the claims asserted in the current suit all arise out of the same nucleus of operative facts as in the First and Second Lawsuits, and they should have been raised in the prior actions. (doc. 3 at 8-10.) Plaintiff responds that her "current claims arose after final judgment" in the previous lawsuits. (doc. 12 at 4-5.)

Res judicata extends beyond claims that were actually raised in prior action and bars all claims that "could have been advanced in support of the cause of action on the occasion of its former adjudication . . . ." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir.1990). Ultimately, the "preclusive effect of [the] prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt*, 365 F.3d at 395-96 (citation omitted). "To determine whether two suits involve the same claim or cause of action, [the Fifth Circuit] has adopted the transactional test of the Restatement (Second) of Judgments, § 24." *Id*. Under this test, the "inquiry focuses on whether the two cases under consideration are based on 'the same nucleus of operative facts.'" *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations omitted). "[I]t is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, that defines the claim." *Id.* Identifying the nucleus of operative facts involves a "pragmatic" approach, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Test Masters*, 428 F.3d at 571 (citing Restatement (Second) of Judgments, § 24).

17

In the First Lawsuit, Plaintiff sought to invalidate the foreclosure sale on the Property and argued that "no defendant may legally pursue foreclosure pursuant to the Deed of Trust" or the Note, and that "all persons claiming under them have no estate, right, title, lien, or interest in or to the Property." (First Lawsuit, doc. 1-11 at 10-11.) She specifically brought claims for fraud, slander of title, fraudulent lien, declaratory relief, and injunctive relief.  (*Id.* at 2.) All of her claims were based upon the belief that Defendant did not have the authority or standing to foreclose on the Property because the assignment from MERS was invalid. (*Id.*) This action was dismissed with prejudice because it was determined that her claims failed as a matter of law. *See Johnson-Williams*, 2015 WL 4997811, at *5-11. In the Second Lawsuit, Defendant sought a determination of who has a right to possession of the Property through a forcible detainer action. *See Johnson*, 2017 WL 2871453, at *1. Though the "merits of title are not adjudicated" in a forcible detainer action, this suit determined whether Defendant has a superior right to possession of the Property. *Id.* The state court found in favor of Defendant, and the appellate court affirmed. *Id.* at *1-2.

In this suit, Plaintiff is again seeking to "set aside [Defendant's] unlawful foreclosure sale and void [its] Substitute Trustee's Deed." (doc. 1-2 at 12.) She brings a quiet title suit based upon claims of breach and anticipatory breach of contract for Defendant's alleged "unlawful" behavior while servicing and foreclosing upon the Property. (*Id*. at 7-12.) Though she now argues that "this action could not have been filed in any previous suit," her current action is clearly based upon the same foreclosure proceedings that were litigated in her First Lawsuit, and she requests that the same documents that were central to the First Lawsuit be invalidated. (doc. 12 at 4-5.) The fact that the forcible detainer action in the Second Lawsuit took place between the First Lawsuit and the current suit does not mean that the basis of the allegations in the First Lawsuit are somehow different than

18

those in the current suit. *See Maxwell v. U.S. Bank Nat. Ass'n*, 544 F. App'x 470, 472-73 (5th Cir. 2013) (affirming finding of res judicata and refusing to accept the plaintiff's argument that the "claims in [the new] case are based on the foreclosure; the prior cases cannot be based on the foreclosure because they were filed prior to the foreclosure"). Plaintiff's claims in the First Lawsuit and the current lawsuit all arise from the same or series of connected transactions, namely the transfer of the Deed of Trust to Defendant and its attempts to pursue its rights under it. Her claims also revolve around her belief that Defendant has no right to possession or to seek foreclosure on the Property. Considered together, all of her claims are related in "motivation" and "origin" and form a "convenient trial unit," as Plaintiff ultimately seeks to retain possession and ownership of the Property due to the alleged "unlawful" foreclosure proceedings. *See Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc.*, 776 F.2d 1270, 1274 (5th Cir. 1985) ("[O]ne who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar.") (internal quotations omitted); *see also Bellot v. Wells Fargo Bank, N.A.*, No. H-13-2014, 2014 WL 2434170, at *5 (S.D. Tex. May 29, 2014) (finding res judicata existed where the plaintiffs raised the same challenges in the present case as they did in the prior case regarding the defendant's ability to pursue foreclosure despite the fact that a foreclosure occurred after the prior lawsuit and before the current lawsuit). The fourth and final element is satisfied.

Because all of the elements of res judicata appear on the face of Plaintiff's petition and in documents that are subject to judicial notice, Defendant's affirmative defense may be considered under its motion to dismiss. *See Hall*, 305 F. App'x at 227-28; *see also Saint Paul Commodities, LLC v. Crystal Creek Cattle Co.*, No. 3:11-CV-0037-G, 2012 WL 3135574, at *3 n.3 (N.D. Tex.

Aug. 1, 2012) (considering the res judicata defense in the motion to dismiss context because "all [the] relevant facts [were] in the record and [were] uncontroverted"). All the elements of claim preclusion are satisfied, so Plaintiff's claims against Defendant are barred and should be dismissed with prejudice.[11] *See Butts*, 2011 WL 7109344, at *2 (dismissing the plaintiff's claims as "barred by res judicata" because "both the instant action and the prior litigation [arose] out of the 'same nucleus of operative facts'–the mortgage loan obtained by [the] plaintiff on the subject property").[12]

## IV.  OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314 at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600 at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870 at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600

---

[11] To the extent that Plaintiff is attempting to assert a claim that Defendant does not have superior right to possession of the Property, this claim is also barred by res judicata because it was fully litigated in the Second Lawsuit with a final judgment in the state courts. *See Johnson*, 2017 WL 2871453, at *1.

[12] To the extent that Plaintiff seeks to bring a claim pursuant to 12 U.S.C. § 2605(e) of RESPA requesting an "accounting" of the mortgage in a qualified written request, this cause of action would also appear to be barred by res judicata. Any allegations that Defendant breached its "duty of [the] loan servicer to respond to borrower inquiries" before and during the foreclosure proceedings arises from Plaintiff's contention that Defendant is not authorized to foreclose or pursue its rights under the home equity loan documents. Additionally, Plaintiff's bare and conclusory allegations that "Defendant be ordered to render an accounting to Plaintiff of the amount paid and owed pursuant to [RESPA] 12 U.S.C. § 2605(e)" is insufficient to state a claim, since there are no allegations that Plaintiff ever submitted a valid qualified written request. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.' ")(citing *Twombly*, 550 U.S. at 570); *see also Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012) (dismissing RESPA claim for failure to state a claim because the plaintiff "fail[ed] to sufficiently allege a communication meeting the requirements of a qualified written request").

at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, all of Plaintiff's claims in the First Lawsuit and the current suit are based upon Defendant's foreclosure and attempts to take possession of the Property. Because Plaintiff's claims all fail as a matter of law and are barred by res judicata, she appears to have alleged her best case, and an opportunity to amend is therefore unwarranted.

## V. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and Plaintiff's motion to remand should be **DENIED.** All of Plaintiff's claims against Defendant should be **DISMISSED with prejudice.**[13]

**SO RECOMMENDED on this 31st day of January, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[13] Plaintiff seeks to obtain a declaration, enjoin Defendant from foreclosing or attempting to affect their title or possession of the Property, "specific performance" of the Deed of Trust, an "accounting of all transactions," and money damages. (doc. 1-2 at 13-15.) "Because her substantive claims are barred by res judicata, these requests should be dismissed." *Balogun v. JP Morgan Chase*, No. 3:15-CV-3651-N, 2016 WL 3675592, at *10 (N.D. Tex. May 31, 2016), *adopted by* 2016 WL 3613179 (N.D. Tex. July 6, 2016); *see Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) ("To obtain injunctive relief, [a] plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'") (quoting *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)); *Turner*, 2011 WL 3606688, at *6 (dismissing the plaintiff's request for declaratory judgment where he pleaded no viable claim for relief).

21

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

22